1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DAVID E. MACKEY, | Case No.  1:20-cv-01813-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| BRANDON PRICE, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

        Plaintiff David E. Mackey ("Plaintiff") is a civil detainee proceeding *pro se* in this case. Persons detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  The Court screened Plaintiff's complaint and granted leave to amend.  Plaintiff's first amended complaint, filed on April 14, 2021, is before the Court for screening.  (ECF No. 7.)

I.      **Screening Requirement**

        The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28

1

1   U.S.C. § 1915(e)(2)(B)(ii).

2        A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

7   true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*.,

8   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9        To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

12  *Serv*., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully

13  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

14  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

15  **II.     Plaintiff's Allegations**

16       Plaintiff is currently housed at Coalinga State Hospital.  The events in the first amended

17  complaint are alleged to have occurred at Coalinga State Hospital.  Plaintiff names the following

18  defendants: (1) Government Claims Program, (2) Department of State Hospital Accounting

19  Claims Coordinator; (3) Brandon Price, Executive Director, and (4) Lisa Adams.[1]

20       Plaintiff alleges that is he attaching additional exhibits A, 1-4, copies of his Patient Rights

21  Complaint Form and copies of his veterans group receipt and meals in the amount of $110.50

22  paid for.  Plaintiff alleges the Government Claims Program and the Office of Risk and Insurance

23  Management violated his rights by not paying Plaintiff back for the $110.50 meals or giving him

24  the meals.  Plaintiff alleges that both Brandon Price and Lisa Adams are aware that the trust

25  ───────────────

26  [1] The Defendants listed in the caption are different than those identified in the allegations.  In the
    allegations, Plaintiff identifies only two defendants:  Brandon Price "et al.", Executive Director

27  and Lisa Adams. Plaintiff is reminded that Rule 10(a) of the Federal Rules of Civil Procedure
    requires that each defendant be named in the caption of the complaint. A complaint is subject to
    dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...."

28  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

office did not give Plaintiff "my veterans group-receipt, with the meals and the amount of money that was paid for the meals-$110.50." (Doc. 7, p.4.) Plaintiff alleges that all of the defendants deprived Plaintiff of his constitutional rights. Plaintiff wants to be reimbursed for the full amount of $110.50 for the veterans meals and for pain and suffering of $600.

From the exhibits attached to the first amended complaint, it appears Plaintiff filed a complaint with the Office of Patients' Rights regarding the meals he did not receive and paid for in the amount of $110.50, which he could not receive because of the lockdown. The response from the Office of Patients' Rights was that that Office could not support that a patients' rights were neglected. He was advised of his options including filing for reimbursement for property loss. (Doc. 7, p.13.)

### III.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Plaintiff has failed to cure this deficiency.

///

**B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

As it was in the original complaint, it is unclear who the Department of State Hospital Accounting Claims Coordinator is and what that person did to violate Plaintiff's constitutional rights.  It is unclear if he is suing another state department. Plaintiff has been unable to cure this deficiency by alleging what each individual defendant did or did not do that caused the asserted deprivation.

**C.  Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Brandon Price, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*,

4

567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan,* 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff's conclusory allegation that defendants "knew" the trust office did not give him his money is insufficient.  Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. *See Willard v. Cal. Dep't of Corr. & Rehab.,* No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)

(the director of the state health department has no liability, unless director personally participated in the taking of his property)

///

1    **D.    Eleventh Amendment Immunity**

2          The Eleventh Amendment bars federal jurisdiction over suits by individuals against a

3    State and its instrumentalities, unless the State consents to waive its sovereign immunity or

4    Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99-100

5    (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must

6    be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be

7    sued in its own courts pursuant to the California Tort Claims Act, such consent does not

8    constitute consent to suit in federal court. *See BV Engineering v. Univ. of California,* 858 F.2d

9    1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241 (1985)

10   (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of

11   California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign

12   immunity against suits brought under 42 U.S.C. § 1983.

13         Plaintiff continues to name the Government Claim Program, which is within the

14   California Department of General Services. Because the Department of General Services is a state

15   agency, it is immune from civil rights claims raised pursuant to Section 1983. See *Pennhurst,* 465

16   U.S. at 100 (" This jurisdictional bar applies regardless of the nature of the relief sought."); see

17   also *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars

18   claim for injunctive relief against Alabama and its Board of Corrections). Plaintiff has been

19   unable to cure this deficiency.

20         **E. Procedural Due Process**

21         Plaintiff fails to state a procedural Due Process claim for the withdrawal of funds from his

22   trust account.

23         The Due Process Clause of the Fourteenth Amendment guarantees "procedural fairness"

24   and protects prisoners and civil detainees alike from being deprived of property without due

25   process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935

26   (1974); *see also Crawford v. Guild*, 56 F.3d 1162, 1165 (9th Cir.1995) (citing with approval

27   district court's finding that withdrawals from involuntarily committed patients' trust accounts

28   violated due process). Where a plaintiff is deprived of a protected property interest by operation

6

of "established state procedure, rather than random and unauthorized action," then he or she is generally entitled to predeprivation process. *Hudson v. Palmer*, 468 U.S. 517, 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–436, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); *Newman v. Sathyavaglswaran*, 287 F.3d 786, 799 (9th Cir.2002).

Here, an involuntarily committed mental patient has "substantial property interests" in his deposit fund and the benefits deposited therein, *Fayle*, 607 F.2d at 861 n. 2, and if Defendants deprived Plaintiff of this property pursuant an "established state procedure," Plaintiff was entitled to some predeprivation process before his money was withdrawn. Id.; *see also Crawford*, 56 F.3d at 1165; *Brinkman v. Rahm*, 878 F.2d 263, 265 (9th Cir.1989). However, Plaintiff has failed to allege who was responsible to withdraw the money and on what authorization.

Indeed, in *Crawford*, the Ninth Circuit outlined the constitutionally adequate process due a patient prior to a withdrawal under § 7821[2]: the state must 1) inform the patient of his or her proposed share of the cost of care and the facts on which the determination was made; and 2) of his or her right to appeal the share of cost determination; 3) provide a description of the appeal process and procedure; and 4) inform the patient that certain federal benefits, including Social Security benefits, are exempt from legal process and cannot be used to pay the plaintiff's cost of care without the patient's consent. *Crawford*, 56 F.3d at 1165 (quoting the district court's remedy for the constitutionally deficient notice California provided). However, the patient's consent is not required to withdraw funds, other than Social Security benefits. *See Crawford*, 56 F.3d at 1166–1167; see also *Fayle*, 607 F.2d at 861 (finding that Fayle was entitled to notice and a hearing prior to entry of a court order authorizing withdrawals from his account, but not that his consent was required).

Here, although the allegations are unclear, it does not appear that pre-withdrawal consent

---

[2] Cal. Welf. & Inst. Code § 7281 (West) states in pertinent part: "There is at each institution under the jurisdiction of the State Department of State Hospitals and at each institution under the jurisdiction of the State Department of Developmental Services, a fund known as the patients' personal deposit fund. Any funds coming into the possession of the superintendent, belonging to any patient in that institution, shall be deposited in the name of that patient in the patients' personal deposit fund . . ."

1   is at issue. The funds withdrawn were other than Social Security benefits and thus not subject to

2   pre-withdrawal due process.  Plaintiff has neither described the process he received prior to the

3   withdrawals from his trust account, nor indicated that such process failed to meet the

4   requirements in *Crawford*. Indeed, it appears that Plaintiff consented to the withdrawal of the

5   money from his trust account for payment for the Veterans Group meeting, but now objects that

6   the group could not meet due to lockdowns.  He seeks a refund of money taken. For the reasons

7   explained above, he fails to state a due process claim on this basis. If he is not constitutionally

8   entitled to due process for withdrawal of funds, he is not constitutionally entitled to a refund for

9   funds which were withdrawn with his consent. Despite being provided with pleading and legal

10  standards, Plaintiff has been unable to cure this deficiency.

11          **IV.     Conclusion and Order**

12          Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being

13  provided with relevant pleading and legal standards, Plaintiff has been unable to cure the

14  deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.

15  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

16          Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

17  district judge to this action.

18          Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action

19  be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be

20  granted.

21          These Findings and Recommendation will be submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

23  **days** after being served with these Findings and Recommendation, Plaintiff may file written

24  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

25  ///

26  ///

27  ///

28  ///

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2021**          /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE